RE: PODIATRIC CARE BY COSMETOLOGISTS
AT THE REQUEST OF ATTORNEY GENERAL HENRY, I HAVE REVIEWED THE LAW IN THE ABOVE-REFERENCED AREA. PLEASE BE ADVISED, IN THIS REGARD, THAT YOUR QUESTION INHERENTLY WOULD INVOLVE MAKING A FACTUAL DETERMINATION AS TO EACH PARTICULAR INSTANCE BEFORE ANY SUBSTANTIVE LEGAL ADVICE COULD BE GIVEN ON THE SUBJECT. AS THE LEGISLATURE HAS FORBIDDEN THIS OFFICE TO MAKE FACTUAL DETERMINATIONS IN OPINIONS, IT IS IMPOSSIBLE TO RESPOND TO YOUR QUESTION WITH ANY DEGREE OF DEFINITENESS. HOWEVER, HE HAS AUTHORIZED ME TO RESPOND TO YOUR REQUEST WITH THIS INFORMATIONAL LETTER IN THE HOPES THAT THE GENERAL INFORMATION PROVIDED WILL BE OF SOME ASSISTANCE TO YOU.
YOUR LETTER DIRECTLY REFERS TO 59 O.S. 199.1 (1981). THAT STATUTE, OF COURSE, IS THE GENERAL LAW THAT SETS FORTH THE LEGAL DEFINITION FOR WHAT TYPES OF ACTIVITIES CONSTITUTE THE PRACTICE OF COSMETOLOGY IN THIS STATE. IN PERTINENT PART, 59 O.S. 199.1 STATES:
 "WHEN USED IN THIS ACT, THE FOLLOWING WORDS AND TERMS, UNLESS THE CONTEXT CLEARLY INDICATES OTHERWISE, SHALL BE CONSTRUED AS HAVING THE MEANINGS ASCRIBED TO THEM IN THIS SECTION:
 (A) THE WORD COSMETOLOGY" SHALL BE DEFINED AND CONSTRUED TO MEAN ANY ONE OR COMBINATION OF PRACTICES GENERALLY AND USUALLY, HERETOFORE AND HEREAFTER, PERFORMED BY AND KNOWN AS THE OCCUPATION OF BEAUTICIANS, BEAUTY CULTURISTS, BEAUTY OPERATORS, COSMETICIANS, COSMETOLOGISTS OR HAIRDRESSERS, OR OF ANY OTHER PERSON HOLDING HERSELF OR HIMSELF OUT AS PRACTICING COSMETOLOGY BY WHATEVER DESIGNATION AND WITHIN THE MEANING OF THIS ACT AND IN OR UPON WHATEVER PLACE OR PREMISES; AND IN PARTICULAR "COSMETOLOGY" SHALL BE DEFINED AS AND SHALL INCLUDE, BUT OTHERWISE NOT LIMITED THEREBY, THE FOLLOWING OR ANY ONE OR COMBINATION OF PRACTICES, TO-WIT: . . . MANICURING THE NAILS OF ANY PERSON, EXCLUSIVE OF SUCH OF THE FOREGOING PRACTICES AS COME WITHIN THE SCOPE OF THE PRACTICE OF THE HEALING ARTS AS PROVIDED BY THE LAWS OF THIS STATE."
 UNDER THE CLEAR AND PLAIN LANGUAGE OF THIS STATUTE, COSMETOLOGISTS ARE FORBIDDEN TO ENGAGE IN THE PRACTICE OF PERFORMING THE HEALING ARTS. IN TURN, THE TERM "TREATMENT", AS DEFINED IN THE LAWS OF THE STATE REGARDING ENGAGING IN THE PRACTICE OF THE HEALING ARTS, IS DEFINED AS FOLLOWS IN 59 O.S. 731.1(D) (1981):
 "(D) THE WORD "TREATMENT" AS USED IN THIS ACT, SHALL INCLUDE THE USE OF DRUGS, SURGERY, INCLUDING APPLIANCES, MANUAL OR MECHANICAL MEANS, OR ANY OTHER MEANS OF ANY NATURE WHATSOEVER, FOR THE CURE, RELIEF, PALL ACTION, ADJUSTMENT OR CORRECTION OF ANY HUMAN ILL AS DEFINED HEREIN.
"HUMAN ILL", AS REFERRED TO IN THIS PROVISION IS DEFINED AS INCLUDING "ANY HUMAN DISEASE, AILMENT, DEFORMITY, INJURY OR UNHEALTHY OR ABNORMAL PHYSICAL AND/OR MENTAL CONDITION OF ANY NATURE". 59 O.S. 731.1(A) (1981).
NO PERSON MAY LAWFULLY ENGAGE IN THE DIAGNOSIS OR TREATMENT OF ANY SUCH HUMAN ILL UNLESS THAT PERSON IS A HOLDER OF A LEGAL AND UNREVOKED LICENSE OR CERTIFICATE ISSUED UNDER THE LAWS OF THE STATE AUTHORIZING PERSONS TO PRACTICE THE HEALING ART COVERED BY HIS OR HER LICENSE. 59 O.S. 731.3 VIOLATIONS OF THIS PROVISION OF LAW ARE PUNISHABLE BY A FINE OF NOT LESS THAN $50.00, NOR MORE THAN $500.00, OR BY IMPRISONMENT IN THE COUNTY JAIL FOR NOT LESS THAN FIVE DAYS, NOR MORE THAN THIRTY DAYS, OR BY BOTH SUCH FINE AND IMPRISONMENT. 59 O.S. 731.4 (1981). EVERY DAY THAT SUCH UNAUTHORIZED PRACTICES ARE ENGAGED IN CONSTITUTES A SEPARATE OFFENSE AND MAY BE PUNISHED AS OUTLINED. ID.
HOWEVER, AS INDICATED AT THE BEGINNING OF THIS LETTER, WHETHER OR NOT ANY PARTICULAR INCIDENT INVOLVING A COSMETOLOGIST WOULD CONSTITUTE PRACTICING THE HEALING ARTS IN AN UNLAWFUL MANNER IS A QUESTION OF FACT THAT WOULD HAVE TO BE REVIEWED ON A CASE-BY-CASE BASIS, AND CANNOT BE RESOLVED IN AN OFFICIAL OPINION. FOR EXAMPLE, WHETHER A COSMETOLOGIST WAS MANICURING A TOENAIL OF A PERSON, WHICH IS LAWFUL, OR TREATING A DISEASE OR UNHEALTHFUL CONDITION, SUCH AS IN CUTTING BACK AN INGROWN NAIL, IS A QUESTION THAT SIMPLY CANNOT BE REVIEWED IN THE ABSTRACT.
(MICHAEL SCOTT FERN)